IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GARY L. QUIGG,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL REES, M.D.,<br><br>Defendant. | CV 18-00086-H-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Gary Quigg, a state prisoner proceeding without counsel, filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) along with his Complaint alleging Dr. Rees denied him adequate medical care in violation of the Eighth Amendment (Doc. 2). According to the Department of Corrections website, Mr. Quigg is no longer incarcerated at Montana State Prison where Dr. Rees is in charge of medical care. In addition, pursuant to a notice filed in Mr. Quigg's federal habeas case, the Montana Board of Parole granted Mr. Quigg parole to his federal detainer effective in January 2019. *Quigg v. Salmonsen, et al.*, Civil Case No. 18cv77-H-DLC-JTJ, Doc. 15–Notice of Change of Custody.[1]

---

[1] A trial court may take judicial notice of other federal court records and proceedings. *See Reyn's Pasta Bella, LLC. V. Visa USA, Inc.*, 442. F.3d 741, 746 n.6

1

If an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. *See Prieser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). Here, Mr. Quigg is seeking injunctive relief with regard to the medical care he was receiving at Montana State Prison. He is now incarcerated at Crossroads Correctional Center and there does not appear to be an expectation that he will be transferred back to Montana State Prison since he has been granted parole to his federal detainer effective January 2019.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

Mr. Quigg's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Quigg may file objections to these Findings and Recommendations

---

(9th Cir. 2006) (taking judicial notice of court filings from other federal court proceedings as matters of public record); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (stating that a federal court may take judicial notice of proceedings both within and outside of the federal judicial system).

within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of December, 2018.

          */s/ John Johnston*
          John Johnston
          United States Magistrate Judge

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Quigg is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.