IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GARY L. QUIGG, | CV 18-00086-H-BMM-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| PAUL REES, M.D., | |
| Defendant. | |

Pending is Plaintiff Gary Quigg's Motion to Amend/Supplement Complaint (Doc. 30.)  Rule 15(a) is very liberal and the "court should freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2); *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (*quoting* Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  *AmerisourceBergen Corp.*, 465 F.3d at 951.  The burden to demonstrate prejudice falls upon the party opposing the amendment.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  Absent prejudice, or a strong showing of any of the remaining three factors, a

1

presumption exists under Rule 15(a) in favor of granting leave to amend.

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court should deny the motion to amend because Mr. Quigg seeks to improperly join an unrelated claim.  Rule 18(a) of the Federal Rules of Civil Procedure provides:

> A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

Multiple claims against a single party are allowed but,

> [u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Rule 20 of the Federal Rules of Civil Procedure provides that defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2).

2

Rule 20 is a flexible rule that allows for fairness and judicial economy.  The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.  7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 at 371-72 (1986).  "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach."  *Id.*, § 1653 at 382.

Rule 20(a)(2) imposes two specific requirements for the permissive joinder of parties:  (1) a right to relief must be asserted against, each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action.  *See League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

Mr. Quigg's original Complaint alleged Defendant Dr. Paul Rees denied him adequate medical care in violation of the Eighth Amendment.  (Doc. 2.)  Mr. Quigg now seeks to amend his Complaint to bring a defamation claim against defense counsel regarding statements made in Defendant Rees' disclosure statement.  These claims are raised against a different defendant, they do not arise

out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question of law or fact common to all defendants. Mr. Quigg's new claims are unrelated to the underlying Complaint and are inappropriate for joinder under Rule 20. The Court should not entertain a state law claim against defense counsel arising almost a year after the claims alleged in the Complaint.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

Mr. Quigg's Motion to Amend/Supplement Complaint (Doc. 30) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Quigg is being served by mail, he is entitled an additional three days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of October, 2019.

 */s/ John Johnston*
John Johnston
United States Magistrate Judge