IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GARY L. QUIGG,<br><br>                  Plaintiff,<br><br>vs.<br><br>PAUL REES,<br><br>                  Defendant. | CV-18-86-H-BMM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff Gary L. Quigg ("Quigg") filed a Complaint against Defendant Paul Rees ("Rees"). Doc. 2. Quigg suffered a herniated disc in an industrial accident in 1993. Doc. 53 at 1. Quigg alleges several claims against Rees related to the medical treatment that Rees provided Quigg while Quigg was incarcerated at Montana State Prison. *Id*. at 3.

Rees filed a Motion for Partial Summary Judgment. Doc. 33. United States Magistrate Judge John Johnston entered a Findings and Recommendations on this motion. Doc. 53. Judge Johnston recommended that the Court grant Rees's Motion for Summary Judgment. *Id*. at 34−36.

The Court conducts *de novo* review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C.

§ 636(b)(1). A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). The Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party does not object or when a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

No party filed objections to Judge Johnston's Findings and Recommendations. The Court will review Judge Johnston's Findings and Recommendations (Doc. 147) for clear error. *Rosling*, 2014 WL 693315, at *3.

The Court finds no clear error in Judge Johnston's Findings and Recommendations. Judge Johnston correctly identified that Rees met his burden of proving "that there is an absence of evidence to support" Quigg's claims of deliberate indifference. Doc. 53 at 34 (citing *Oracle Corp.*, 627 F.3d 376, 387 (9th Cir. 2010)). Judge Johnston correctly determined that Quigg failed to establish that

there exists a genuine is of material fact. *Id*. The Court adopts Judge Johnston's Findings and Recommendations (Doc. 147) in full.

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment (Doc. 33) is **GRANTED**.

2. The Clerk of the Court shall enter judgment and close this matter.

4. The Clerk of the Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Dated the 10th day of December, 2020.

_____
Brian Morris, Chief District Judge
United States District Court